**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **PASCUAL ALVARADO** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 2:20cv314** |
| **V.** | § | |
| | § | |
| **MINERVA MARINE, INC.** | § | |
| **Defendant.** | § | |

**MINERVA MARINE INC.'S MOTION FOR JUDGMENT AS MATTER OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Minerva Marine, Inc. ("Minerva") hereby moves for judgment as a matter of law as to Plaintiff's claim for failure to intervene pursuant to Federal Rule of Civil Procedure 50(a). Plaintiff has rested his case in chief and has failed to prove that Minerva breached the limited *Scindia* duty to intervene. Because of this, no reasonable jury would have legally sufficient evidence to find for Plaintiff and Minerva is entitled to judgment as a matter of law.

## I. Standard | Rule 50(a)

Under Rule 50(a), judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 572 (5th Cir. 2002). "In order to survive a Rule 50 motion and present a question for the jury, the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of their claim…". *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002). [I]n other words, the evidence must be sufficient so that a jury will not ultimately rest its verdict on mere speculation and conjecture." *Id.*



63609:49065723

## II. Sole Remaining Cause of Action – Duty to Intervene Legal Standard

Under the Court's earlier rulings, Plaintiff's sole remaining cause of action in this matter is limited the *Scindia* duty to intervene. D.E. 88. A shipowner's duty to intervene arises when the shipowner (1) becomes aware during the work that the ship or its gear poses a danger to the worker (2) learns that the worker's employer is acting so obviously improvident in failing to protect the worker against the danger and (3) that such continued use poses an unreasonable risk of harm. *Id.*; *Hill,* 674 F.2d 447, 451 (5th Cir. 1982); *Casaceli v. Martech Int'!, Inc.,* 774 F.2d 1322, 1328 (5th Cir. 1985) (citing *Scindia,* 451 U.S. at 175-76); *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1245-49 (5th Cir. 1997). The case law makes clear that the duty to intervene "is narrow and requires" <u>something more</u> "than mere shipowner knowledge of a dangerous condition." *Singleton v. Guangzhao Ocean Shipping Co.,* 79 F.3d 26, 29 (5th Cir. 1996) (concluding that the court erred in imposing duty to intervene based solely on shipowner's knowledge of a dangerous condition).

## III. Plaintiff has not Proved Minerva Breached a Duty to Intervene

Plaintiff has closed his case in chief and has no more evidence to present to this Court. Plaintiff has failed to prove essential elements and facts that would trigger the duty to intervene and Defendant is entitled to judgment as a matter of law. Specifically:

1. **Plaintiff has presented legally insufficient evidence that Minera had actual knowledge of a dangerous condition arising from Alpha Mar's operations on the *Minerva Julie*.**

2. **Plaintiff has presented legally insufficient evidence that Minerva had actual knowledge that Alpha Mar's continued operations on the *Minerva Julie* was so obviously improvident.**

3. **Plaintiff has presented legally insufficient evidence that Minerva should have realized the conditions of the work shop presented an unreasonable risk of harm to Alvarado.**

4. **Plaintiff has presented legally insufficient evidence that Minerva's failure to intervene proximately caused Alvarado's alleged injuries.**

As a preliminary matter, the trial record does not support a finding that any unreasonably dangerous condition existed inside the workshop on the *Minerva Julie*. Plaintiff's co-worker, Dimitri Kraynev, testified that the workshop conditions were not hazardous and the workshop was ventilated at all material times and fumes and smoke generated from Alvarado's welding activities were extracted from the area. Kraynev also testified that Plaintiff was provided breaks and water during the course of the job. This testimony is corroborated by photographs showing water, a break area, and a ventilation fan. Another witness present in the workshop, Emmanuel Kotsos, testified that nothing in the workshop amounted to an unreasonably dangerous hazard. Nothing in this evidence would allow a reasonable jury to conclude that the work area, as configured and operated, was unreasonably dangerous.

Even assuming *arguendo* that a dangerous condition existed, there is legally insufficient evidence that Minerva had actual awareness of any such condition. There has been no evidence of reports or notice provided to Minerva, nor is there anything about the workshop, as depicted in the evidence, that is so facially hazardous that Minerva's crew should have recognized an unreasonable risk of harm to Alvarado merely by observation. As the Fifth Circuit held in *Greenwood v. Societe Francaise De Transports Petroliers FST*, "the condition must be so hazardous that anyone can tell that its continued use creates an unreasonable risk of harm even when the [contractor]'s expertise is taken into account." 111 F.3d 1239, 1249 (5th Cir. 1997). There is no such evidence here.

At most, Plaintiff offers his own subjective characterizations of the conditions which were directly contradicted by the properties of physical reality (as to the 300-degree temperature suggested in the workshop), the testimony of Kraynev, the testimony of Kotsos, and by the evidentiary depictions of the workshop. Plaintiff's subjective, self-serving, un-corroborated and

biased testimony is not evidence that Minerva, as vessel operator, had actual knowledge of an unreasonably dangerous condition. Under *Hill v. Texaco, Inc.*, 674 F.2d 447, 451 (5th Cir. 1982), and *Casaceli v. Martech Int'l*, 774 F.2d 1322, 1328 (5th Cir. 1985), actual knowledge of a dangerous condition is a necessary predicate to any duty to intervene. Because Plaintiff failed to present evidence of Minerva's actual knowledge, this element necessarily fails.

Even, assuming *arguendo*, that the Court were to find that the workshop presented some degree of risk, Plaintiff has likewise failed to produce evidence that Minerva knew Alpha Mar's decision to continue working was "obviously improvident." Rather, the trial evidence shows that Plaintiff was an experienced welder and that Alpha Mar supervised its employees and managing their work schedules. There is legally insufficient evidence to suggest that Minerva should have believed that Plaintiff was incapable of safely carrying out the job, or that Minerva should have intervened. Indeed, the United States Supreme Court and Fifth Circuit jurisprudence both recognize that vessel operators are entitled to rely on the expertise and judgment of the independent contractor and has no duty to second-guess the contractor's operational decisions unless the contractor's conduct is so clearly unsafe. *See* e.g. *Kirksey v. Tonghai Maritime,* 535 F.3d 388, 391 (5th Cir. 2008).

Finally, even assuming *arguendo*, that the Court were to find that a dangerous condition existed and that Minerva was aware of it, Plaintiff has failed to prove any causal connection between Minerva's alleged inaction and Plaintiff's injuries. The trial record shows that Plaintiff fainted and fell in an air-conditioned break room no less than thirty minutes after completing the job. Beyond this significant temporal gap, the trial record is void of competent evidence that a condition of the workshop caused Plaintiff to faint and fall. Indeed, there is no expert opinion, testimony, or medical treatment records to support this position. Instead, the medical records and

testimony address Plaintiff's untreated heart condition. Because Plaintiff has not proven that Minerva's alleged failure to intervene proximately caused his alleged injuries, he cannot succeed on his only remaining claim.

Plaintiff has failed to present sufficient evidence to support a finding as to any element of his duty-to-intervene claim and no reasonable jury could find for Plaintiff. Minerva is therefore entitled to judgment as a matter of law.

**Prayer**

Defendant Minerva Marine, Inc. respectfully requests that the Court grant its Motion for Judgment as a Matter of Law pursuant to Rule 50(a), dismiss Plaintiff's duty-to-intervene claim with prejudice, and award Minerva such other and further relief to which it may be justly entitled.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP

By: */s/ Ronald W. Dennis*
Ronald W. Dennis, Attorney-in-Charge
Federal ID No. 33889
Dimitri P. Georgantas
Federal ID. No. 2805
Christopher J. DeRose
State Bar No. 24122570
Federal ID. No. 3837002
Benjamin E. Buford
State Bar No. 24128928
Federal ID No. 3839158
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78470
(361) 884-8808 Telephone
(361) 884-7261 Facsimile
ronald.dennis@roystonlaw.com
***Attorneys for Defendant,***
***Minerva Marine, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record *via the court's electronic notification system, and/or e-mail* on this the 8th day of December 2025.

Donald Loving
Mikell A. West
dloving@bandaslawfirm.com
mwest@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
802 N. Carancahua St., Suite 1400
Corpus Christi, Texas 78401

-and-

J.R. Reyna
jr@reynalawfirm.com
RENYA INJURY LAWYERS, P.C.
5656 S. Staples, Ste., 114
Corpus Christi, Texas 78411
***Attorneys for Plaintiff***

*/s/ Ronald W. Dennis*
Of Royston, Rayzor, Vickery & Williams, L.L.P.